RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7/30/09

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| Jackie Ray Barclay, Jr. | Civil Action No. 6:09-00462 |
| versus | Judge Tucker L. Melançon |
| Cameron Charter Boats, Inc. | Magistrate Judge C. Michael Hill |

## MEMORANDUM RULING AND ORDER

Before the Court is a Motion to Transfer Venue [Rec. Doc. 5] filed by defendant, Cameron Charter Boats, Inc. ("Cameron"). Cameron seeks transfer of this case to the Lake Charles Division of the Western District of Louisiana. *R. 5-2.* For the reasons that follow, the motion to transfer will be granted.

This is an action brought under the Jones Act, 46 U.S.C. § 688(a), and accordingly, the Court's federal question jurisdiction, in which plaintiff, Jackie Ray Barclay, Jr., allegedly suffered injuries as a result of an incident occurring on January 9, 2009 aboard the vessel *Mary Diana McCall*. Proper venue for a federal question action is determined under Title 28 of the United States Code section 1391(b). Section 1391(b) states in pertinent part:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may ... be brought only in (1) a judicial district where any defendant resides ... (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated ...

The parties do not dispute that this action was properly filed in the Western District of Louisiana. Rather, defendant challenges plaintiff's ability to file this action in the Lafayette-Opelousas Division of the Western District. Defendant contends that venue is improper in the Lafayette-Opelousas Division, citing 28 U.S.C. § 1391(b) and Local Rule 77.3W of the Uniform District

Court Rules. Local Rule 77.3W was established for the purpose of administering the business of the court and setting out the parishes contained within each Division of the Western District.

The record indicates that defendant's principle place of business is located in Cameron Parish, which is within the Lake Charles Division of the Western District. Further, plaintiff does not dispute defendant's representation that the *Mary Diana Mc Call* was "docked at the Cameron Dock located at 154 Leesburg Street, Cameron, Cameron Parish, Louisiana." *R. 5-2, p. 1.* Thus, defendant contends that the proper venue for this action lies in the Lake Charles Division. *Id.* Furthermore, defendant points out that the only connection this case has to the Lafayette-Opelousas Division is plaintiff's counsel's location in Opelousas. Because the Lafayette-Opelousas Division is improper and inconvenient, defendant requests the Court to transfer this case to the Lake Charles Division pursuant to Title 28 of the United States Code section 1404(a). *Id.*

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Local Rule 77.3W states that the judicial divisions in the Western District are designated for the purpose of "administration of the business of the court" and lists the parishes within each division. Local Rule 77.3W does not address or mention venue and does not mandate that the plaintiff's actions be brought in the Lake Charles Division, however, its purpose is to promote the most efficient placement and advancement of the cases within the Western District.

Here, the alleged incident occurred in Cameron Parish which is also the location of defendant's principal place of business. While plaintiff argues that "no facts have been alleged or proven so as to establish any inconvenience in litigating this case in Lafayette as opposed to Lake Charles," it is axiomatic that the majority of the witnesses and evidence related to the alleged incident and the alleged unseaworthy condition of the *Mary Diana McCall* are located in and around Cameron. The only connection to the Lafayette-Opelousas Division is the location of plaintiff's counsel and his treating physician.[1] R. 8. The location of plaintiff's counsel should not be a sufficient ground for establishing venue. *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003) ("the factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue"). Accordingly, for the convenience of the parties and witnesses and in the interest of justice, this case should be transferred to the Lake Charles Division of the Western District of Louisiana pursuant to 28 U.S.C. § 1404(a). It is therefore

ORDERED that Cameron Charter Boats, Inc.'s Motion to Transfer Venue [Rec. Doc. 5] is GRANTED.

IT IS FURTHER ORDERED that this matter be transferred to the Lake Charles Division of the Western District of Louisiana.

Thus done and signed this 27th day of July, 2009 at Lafayette, Louisiana.

Tucker L. Melançon
United States District Judge

---

[1] Plaintiff currently resides in Benton, Bossier Parish, Louisiana, in Northern Louisiana. *Id.*