JUL -5 2011

TONY R. MOORE, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JACKIE RAY BARCLAY, JR. | : | DOCKET NO. 2:09 CV462 |
| VS. | : | JUDGE MINALDI |
| CAMERON CHARTER BOATS, INC. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a Motion for Summary Judgment, filed by the defendant, Cameron Charter Boats, Inc. ("CCB") [Doc. 20]. The plaintiff, Jackie Ray Barclay, Jr., filed an Opposition [Doc. 24]. CCB filed a Reply [Doc. 25].

## BACKGROUND

Jackie Barclay, a cook employed by CCB, claims that he was injured on January 9, 2009 while working aboard the M/V MARY DIANA when he tripped on an extension cord that had been used to run electricity into the galley of the vessel after an electrical breaker failed. Alleging that he injured his spine and hip, as well as other parts of his body, Mr. Barclay sued CCB, claiming maintenance and cure as well as damages for Jones Act negligence and unseaworthiness of the vessel. [R. Doc. 1]. CCB filed the present summary judgment motion, challenging Mr. Barclay's Jones Act claim and unseaworthiness claim. [R. Doc. 20].

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially

1

responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). If the dispositive issue is one that the nonmoving party will bear the burden of proof at trial, the moving party may satisfy this burden by merely pointing out that the record contains insufficient evidence concerning an essential element of the nonmoving party's claim. *Celotex*, 477 U.S. at 325. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Celotex*, 477 U.S. at 323).

If the movant satisfies this burden, however, then the nonmovant must "designate specific facts showing that there is a genuine issue for trial." *Tubacex*, 45 F.3d at 954.  The nonmovant may not rest upon the pleadings. *See Celotex*, 477 U.S. at 325. In evaluating motions for summary judgment, the court must consider all of the evidence in the record and view all facts in the light most favorable to the nonmoving party. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is warranted when the record as a whole "could not lead a rational finder of fact to find for the non-moving party." *Delta & Pine,* 530 F.3d at 399.

## LAW & ANALYSIS

### (1) Jones Act

Under the Jones Act, 46 U.S.C. § 30104, a seaman's employer is liable for damages if the employer's negligence caused the seaman's injury. *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 335 (5th Cir.1997) (explaining the standard for negligence, causation, and the plaintiff's burden of proof under the Jones Act); *see also Clark v. Kellogg Brown & Root, L.L.C.*, ("We

2

have explained that the standard is one of "producing cause" rather than "proximate cause" and

that the burden of proof is "featherweight."). "As to both attack or defense, there are two

common elements, (1) negligence, i.e., the standard of care, and (2) causation, i.e., the relation of

the negligence to the injury." *Norfolk Southern Ry. Co. v. Sorrell*, 549 U.S. 158, 169 (2007)

(quoting *Page v. St. Louis Southwestern Ry. Co.*, 349 F.2d 820, 823 (5th Cir. 1965)).

Under the negligence prong, an employer is negligent if he fails to act with ordinary

prudence under the circumstances. The employer's central duty is to provide his employees with

a reasonably safe place to work. *Colburn v. Bunge Towing, Inc.*, 883 F.2d 372, 374 (5th Cir.

1989). Consistent with this duty, an employer has an affirmative duty to warn its employees "in

an effective way of dangers not reasonably known." *Patterson v. Allseas USA, Inc.*, 137 Fed.

Appx. 633, 637 (5th Cir. 2005) (internal quotations omitted). The key to a claim of negligence

for failure to warn is whether the danger is reasonably apparent; if the danger is "open and

obvious," the employer generally has no duty to warn its employees of that risk. *Id.*

But, evidence of an employer's failure to warn is just one method the employee may

pursue to prove that the employer breached his duty to provide a safe work environment. *See id.*

(Acknowledging district court finding that employer did not violate duty to provide a reasonably

safe work environment and overruling district court's finding that defendant violated duty to

warn, finding that employer had no duty to warn employee of known risk). Stated differently, an

employer may breach its duty to provide a safe work environment even though it did not breach

its duty to warn. The converse is also true. For example, while an employer may provide a

reasonably safe workplace by supplying life vests to its employees, it may violate its duty to

warn when it fails to exhort an inexperienced seaman to wear one of the life vests it has

provided. *See Davis v. Parkhill-Goodloe Co.*, 302 F.2d 489, 494 (5th Cir. 1962). In that case, the

employer may have breached its duty to provide a safe work environment by not informing an

employee of an unknown risk. *See id.*; *see also Verrett v. McDonough Marine Servs.*, 705 F.3d 1437 (finding that shipowner breached duty to provide safe work environment by not informing employee of unknown risk).

Here, CCB asserts that it did not breach its duty to warn because the extension cord was an open and obvious hazard. [R. Doc. 20-1 at 3]. This Court finds that CCB is undoubtedly correct. It had no duty to *warn* Mr. Barclay of the obvious hazard. However, Mr. Barclay responds by asserting that CCB breached its duty to provide a reasonably safe work environment because the presence of the extension cord in the walkway of the galley presented a tripping hazard, regardless of whether or not he was aware of that hazard. [R. Doc. 24 at 4]. Although CCB does not address this argument, the mere presence of the extension cord is sufficient to survive summary judgment. *See Grogan v. Jewel Marine, Inc.*, Civ. Ac. No. 05-3098, 2006 WL 2620199, at *2-3 (E.D. La. Sept. 11, 2006).

In *Grogan*, for example, a deckhand on board a vessel tripped over an orange extension cord and fell down a stairway. The Captain of the vessel had placed the 50 foot extension cord in the wheelhouse to power a drill. *Id.* at *1-2. The deckhand had walked through the wheelhouse and stepped over the cord just moments before he tripped, and he further admitted that the location of the extension cord did not present a hazard. *Id.* After injuring himself in the fall, he sued his employer, alleging Jones Act negligence, among others. The defendant filed a motion for summary judgment, citing to the undisputed facts. *Id.* at *1. The court denied the motion, finding that "[w]hether it was reasonable for Captain Carter to leave an extension cord on the floor where someone might trip over it is a question of fact precluding summary judgment." *Id.* at *2. As the court found in *Grogan*, the issue of negligence in this case presents an issue of fact.

This finding, however, does not resolve the summary judgment motion, as CCB asserts that Mr. Barclay did not act as an ordinarily prudent seaman would act in like circumstances.

4

Specifically, CCB asserts that its purported negligence was not the cause of Mr. Barclay's injury, and that Mr. Barclay was solely at fault through his own negligence. [R. Doc. 20-1 at 5-7].

Unlike the negligence prong, the causation prong is relaxed under the Jones Act. The employer must merely be the "producing cause" of the employee's injury, and the employee's burden of proof has been described as "very light, even 'featherweight.'" *Clark*, 2011 WL 386787, at *3; *Chisholm v. Sabine Towing & Transp. Co.*, 679 F.2d 60, 62 (5th Cir. 1982).[1] Specifically, under the causation prong, the employer is a "producing cause" of the employee's injury "if his negligence played any part, even the slightest, in producing the injury." *Chisholm*, 679 F.2d at 62. Even under the Jones Act, however, the employer's negligence must be more than a mere "but for" cause of the employee's injury. *Johnson v. Cenac Towing, Inc.*, 544 F.3d 296, 302 (5th Cir. 2008); *Gavagan v. United States*, 955 F.3d 1016, 1019-20 (5th Cir. 1992).

When an employer raises an affirmative defense of contributory negligence, courts will hold the seaman employee to the exact same standard as that of the employer. *Johnson v. Cenac Towing, Inc.*, 544 F.3d 296, 302 (5th Cir. 2008); *see also Norfolk Southern Ry. Co. v. Sorrell*, 549 U.S. 158 (2007) (holding that the same causation standard applies to employer negligence and employee contributory negligence in FELA cases). This means that the employee has a duty to act as an ordinary prudent seaman in like circumstances, which include the employee's reliance on his employer to provide a safe working environment and the seaman's experience, training, or education. *Gautreaux*, 107 F.3d at 337. Likewise, an employee contributed to his own injury "if his negligence played any part, even the slightest, in producing the injury." *Johnson*, 544 F.3d at 302; *see Sorrell*, 549 U.S. at 172. However, only when the employee's

---

[1] The Supreme Court has recently upheld this lower causation standard. ***Error! Main Document Only.****CSX Transp., Inc. v. McBride*, --- S.Ct. ----, 2011 WL 2472795, 11 Cal. Daily Op. Serv. 7717 (U.S. Jun 23, 2011) (NO. 10-235).

contributory negligence is a one-hundred percent cause of an underlying injury is a finding of no liability on part of the employer appropriate. *Sorrell*, 549 U.S. at 168 (". . . . [FELA] rejected contributory negligence in favor of comparative negligence. . . . "); *see Gavagan*, 955 F.2d at 1016 (upholding one hundred percent contributory negligence of seaman who concealed from his prospective maritime employer the limited use of his hand due to surgery and proceeded to re-injure it while trying to open a valve on a tanker).

Construing all facts in a light most favorable to Mr. Barclay and applying this lower threshold of causation, a material issue of fact remains. Both CCB and Mr. Barclay's negligence may have caused Mr. Barclay's injuries, i.e., there is an issue of fact over causation. But for CCB's allegedly negligent placement of the extension cord, [R. Doc. 20-2, Ex. 1, Dep. of Jackie Barclay, at 39-40], Mr. Barclay would not have tripped. Similarly, but for Mr. Barclay's inattention to where he was walking, *id.* at 45-46, among others, he would not have suffered the alleged injuries. Based on the record, whether CCB was a "producing cause" of Mr. Barclay's injury is an issue of fact for the jury, and it cannot be said that Mr. Barclay was one-hundred percent at fault for his injuries as a matter of law. *See Grogan*, 2006 WL 2620199, at * 2 ("Whether the mere presence of the extension cord in a place where crew members had or may walk was an arguably unsafe condition is a question of fact for the jury.").

### (2) Unseaworthiness

To state a cause of action for unseaworthiness, a seaman employee must prove not only that the vessel was unseaworthy, but also that the unseaworthy condition was the proximate cause of the seaman's injury. *Commarito v. Penrod Drilling Corp.*, 929 F.3d 186 (5th Cir. 1991).

A ship is unseaworthy if the vessel as well as her equipment and other appurtenances are not "reasonably fit for their intended use." *Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 550 (1960). However, the "standard is not perfection, but reasonable fitness," *id.*, guided by the

traditional "reasonable person" standard of tort law. *Allen v. Seacoast Prods., Inc.*, 623 F.2d 355 (5th Cir. 1980). As the Supreme Court has explained, negligence must be distinguished from unseaworthiness. *Usner v. Luckenbach Overseas Corp.*, 400 U.S. 494 (1971). Generally, acts of negligence will not give rise to an unseaworthiness claim. "Operational Negligence—i.e., an isolated act of negligence by an otherwise qualified fellow worker that injures the seaman—will not render a vessel unseaworthy unless it is 'pervasive.'" *Daughdrill v. Ocean Drilling & Exploration Co.*, 709 F. Supp. 710 (E.D. La. 1989). If the negligence is pervasive, i.e., it consists of a "congeries of acts," a vessel may be unseaworthy even when the allegedly unreasonable condition is transitory. *See Usner*, 400 U.S. at 498.

CCB contends that the placement of the extension cord was an isolated act of operational negligence, as opposed to a transitory unseaworthy condition of the galley. [R. Doc. 20-1 at 3-6]. It is undisputed that an extension cord was needed to run electricity in the galley of the vessel after an electrical breaker failed. In short, CCB contends that the alleged unseaworthy action was running the extension cord to the galley. Mr. Barclay concedes that this was an act of operational negligence, but argues that the act was not an isolated event; specifically, that CCGB "was dilatory in its response to repairing the faulty breaker, a failure which left an unsafe condition in existence for an extended period of time." [R. Doc. 24 at 5].

Regardless of the length of time the extension cord was in place, there was only one act of negligence – placing the extension cord in the walkway of the galley – that allegedly rendered the vessel unseaworthy. This act was not pervasive: it occurred in one location and its function was limited to correct one problem on the ship. There is no evidence that this conduct was frequent or typical enough to render it "a congeries of acts." *See Grogan*, 2006 WL 2620199, at * 2. Accordingly, it is

ORDERED that CCB's Motion for Summary Judgment is GRANTED in part and DENIED in part. The plaintiff's unseaworthiness claim is hereby dismissed.

Lake Charles, Louisiana, this __5__ day of _____July_____ 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE